CRINER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-351-CR

BUDDY LEE CRINER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Buddy Lee Criner appeals his conviction for delivery of a controlled substance.  In two issues, he challenges the legal and factual sufficiency of the evidence to support his conviction.  We affirm.

Appellant stipulates that all elements of the charged offense were proven except his identity as the person who committed the crime.  Appellant contends that the evidence of his identity is insufficient because (1)  Officer James Blake, the State’s sole witness concerning appellant’s identity, left out of his police report the facts that he had obtained appellant’s driver’s licence photo and that appellant had allegedly acknowledged the police informant during the drug buy;
(footnote: 2) (2) the address on appellant’s driver’s license was not the address where Blake purchased the drugs; (3) there was no audio or video evidence linking appellant to the offense and Blake gave conflicting testimony concerning whether task force officers “wear wires” when buying drugs from persons they do not know; (4) the State did not offer into evidence the marked money that Blake allegedly used to purchase the drugs; and (5) appellant’s fingerprints were never offered into evidence. 

Blake testified, however, that he had purchased the controlled substance from appellant while working as an undercover officer.  Blake identified appellant in court as the person who had sold him the controlled substance. Blake described his encounter with appellant as “a four- or five-minute conversation” and said that he had gotten a good look at appellant’s face.  Blake further testified that, on the same day that he make the drug buy, he obtained appellant’s driver’s license photograph and verified that the person in the photograph was the individual who had just sold him the controlled substance. 

This evidence is legally and factually sufficient to establish appellant’s identity.
(footnote: 3)  
As the trier of fact, the jury was the sole judge of the weight and credibility of the evidence.
(footnote: 4)  Accordingly, we overrule appellant’s issues and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 20, 2005

FOOTNOTES
1:
See 
Tex. R. APP. P.
 47.4.

2:
The police informant did not testify at trial. 

3:
See
 
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) (setting out legal sufficiency standard of review); 
see Zuniga v. State
, 144 S.W.3d 477, 481, 484-85
 (Tex. Crim. App. 2004) (setting out factual sufficiency standard).

4:
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000); 
Zuniga,
 144 S.W.3d at 481.